JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Lisa Speeth appeals from the judgment of the trial court that denied her motion to suppress. For the reasons set forth below, we affirm.
 {¶ 2} On January 12, 2005, defendant was cited for driving under the influence of alcohol in violation of R.C.4511.19(A)(1)(a), driving under the influence of alcohol with a prior offense in violation of R.C. 4511.19(A)(2)(a), refusal to take a breathalyzer test in violation of R.C. 4511.19(A)(2)(b), and failure to proceed within a single lane of traffic in violation of R.C. 4511.33.
 {¶ 3} On May 9, 2005, defendant filed a motion to suppress, alleging that she was "stopped for no legitimate reason." The trial court denied the motion to suppress and defendant pled no contest to driving under the influence of alcohol, and the remaining charges were dismissed.
 {¶ 4} Defendant now appeals. For her sole error, defendant asserts that the trial court erred in denying the motion to suppress because the initial stop was made without reasonable suspicion under the circumstances.
 {¶ 5} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v.United States (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. It is applicable to the states via the Fourteenth Amendment. Mapp v.Ohio (1961), 367 U.S. 643, 650, 81 S.Ct. 1684, 6 L.Ed.2d 1081;Ker v. California (1963), 374 U.S. 23, 30, 83 S.Ct. 1623,10 L.Ed.2d 726, and by Section 14, Article I, of the Ohio Constitution which is virtually identical to theFourth Amendment. See State v. Pierce (1998), 125 Ohio App.3d 592,596, 709 N.E.2d 203.
 {¶ 6} In Terry v. Ohio (1968), 392 U.S. 1, 22,88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291,414 N.E.2d 1044, paragraph one of the syllabus.
 {¶ 7} A stop does not have to meet the Terry test if it involves a consensual encounter. A consensual police encounter versus a Terry stop is explained in State v. Taylor (1995),106 Ohio App.3d 741, 667 N.E.2d 60:
 {¶ 8} "Encounters are consensual where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away. * * * The request to examine one's identification does not make an encounter nonconsensual. * * * Nor does the request to search a person's belongings."
 {¶ 9} "[A] person is `seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." United States v. Mendenhall (1980), 446 U.S. 544,553, 100 S.Ct. 1870, 64 L.Ed.2d 497. As long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required. Florida v. Bostick (1991), 501 U.S. 429, 434,111 S.Ct. 2382, 115 L.Ed.2d 389 (internal quotation omitted). Among the considerations used to determine the consensual nature of the encounter are the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. Mendenhall, 446 U.S. at 554.
 {¶ 10} A consensual encounter can occur when a police officer approaches and questions individuals in or near a parked car.State v. Staten, Athens App. No. 03CA1, 2003-Ohio-4592 (citations ommitted). In that matter, the officer followed the car for approximately five blocks and observed that it made a wide turn, before speaking with the driver.
 {¶ 11} In this matter, the parties' Agreed Statement of the Facts provides as follows:
 {¶ 12} "Judge Mark Comstock heard the testimony of Middleburg Heights, Ohio police officer, Sergeant Robert Swanson. He indicated that on January 12, 2005 at 12:07 a.m. he was on routine patrol in a marked police unit when he observed a vehicle northbound on Pearl Road make a wide right turn onto Sprague Road when he later spotted Appellant's 2001 Dodge Motor vehicle eastbound on Sprague in the area of Webster Road. The patrolman could not state that it was the same vehicle as the one which had made the wide turn earlier. The officer followed Appellant's car and asserted that the vehicle's left side went left of center less than one foot on two or three occasions, but he was "quite a ways away" when he observed this. He then activated his police car's dashboard camera and observed the vehicle enter a private residence driveway on the north side of Sprague Road. The officer went ahead, pulled into a side street and waited a short time when he saw the same car come by the side street on which he had parked. He followed defendant's car which upon approaching West 130th Street while traveling Sprague eastbound, the defendant stopped approximately 8-10 feet behind the stop line. When the light turned green and the defendant received a green arrow, the defendant remained stopped for 5-6 seconds prior to making the left turn onto northbound West 130th Street and then, into a shopping center parking lot where she parked and where she was confronted by the Officer."
 {¶ 13} This Agreed Statement indicates that the officer engaged in a consensual encounter with defendant after she stopped her vehicle in the parking lot. There is no indication of a "seizure" or that she was stopped or restrained by the officer's physical force or show of authority.
 {¶ 14} In any event, the officer had both probable cause to write a ticket for the left of center violation and reasonable suspicion that defendant was driving under the influence as she went left of center and parked in the residential driveway to avoid police. See State v. Lockwood (February 27, 1998), Clark App. No. 97 CA 72.
 {¶ 15} The assignment of error is without merit. Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., Concurs in Judgment only (See AttachedOpinion)
 McMonagle, J., Concurs in Judgment Only
 CONCURRING OPINION